APR 2 1

1

2

3

4

5

6   **UNITED STATES DISTRICT COURT**

7   **DISTRICT OF NEVADA**

8

RODERICK LAMAR HYMON,                )

9                                      )
           Petitioner,                )        2:09-cv-1324-RCJ-RJJ
10  vs.                                )        **ORDER**
                                       )
11  BRIAN WILLIAMS, *et al.*,          )
                                       )
12         Respondents.                )
                                      /
13

14        This is an action on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by

15  petitioner Roderick Hymon, a Nevada prisoner. Before the court is respondents' Motion to Dismiss

16  (docket #9) and petitioner's Opposition (docket #13).

17  **I.    Background and Procedural History**

18        Petitioner was sentenced on April 3, 2003, in a Nevada court to two concurrent and one

19  consecutive terms of ten years to life on convictions for Robbery with the Use of a Deadly Weapon,

20  Larceny from the Person and Assault with a Deadly Weapon. Exhibit A.[1]  Petitioner filed a state post-

21  conviction petition on October 21, 2008, challenging the computation of the time he had served pursuant

22  to his judgment of conviction and alleging violations of his due process and equal protection rights.

23  Exhibit B.  The state opposed the petition. Exhibit C.  On January 2, 2009, the state district court denied

24  the petition and petitioner timely appealed. Exhibits D.  The Nevada Supreme Court affirmed the state

25  _____

26        [1] The exhibits referenced in this Order were submitted by respondents in support of the Motion
    to Dismiss and are found in the court's docket at 10.

1   district courts decision on July 21, 2009.  Exhibit E.

2        Petitioner submitted his federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254

3   on July 21, 2009 and it was filed on September 18, 2009 after the administrative matters were resolved.

4   Docket #4.  Petitioner claims a due process violation for an alleged miscalculation of his good time

5   credits.  *Id.*  Respondents now move to dismiss the petition on the grounds the petitioner does not attack

6   the validity of his conviction or sentence and fails to raise a federal constitutional question and is not

7   subject to review by this court (docket #9).

8   **II.    Federal Habeas Corpus Standards**

9        The Antiterrorism and Effective Death Penalty Act ("AEDPA"), provides the legal standard for

10  the Court's consideration of a state criminal conviction on a petition for writ of habeas corpus:

11

12              An application for a writ of habeas corpus on behalf of a person in
                custody pursuant to the judgment of a State court shall not be granted
13              with respect to any claim that was adjudicated on the merits in State court
                proceedings unless the adjudication of the claim–
14
                (1)   resulted in a decision that was contrary to, or involved an
15              unreasonable application of, clearly established Federal law, as
                determined by the Supreme Court of the United States; or
16
                (2)   resulted in a decision that was based on an unreasonable
17              determination of the facts in light of the evidence presented in the State
                court proceeding.
18

19  28 U.S.C. §2254(d).

20       The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in

21  order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the

22  extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693 (2002).

23       Ground One

24       In Ground One, petitioner claims a violation of the Fourteenth Amendment of the Constitution

25  based on a recent change in Nevada law which changes the amount of good time credit an inmate is

26
                                                    2

1  entitled to received under certain circumstances. Petitioner is actually challenging the interpretation and

2  application of a Nevada statute as it has been applied to his sentence.

3      Although a prisoner has no constitutional right to be conditionally released before the expiration

4  of a valid sentence, state early release statutes can create a liberty interest protected by Fourteenth

5  Amendment due process guarantees. *See Greenholtz v. Inmates of the Neb. Penal & Correctional*

6  *Complex*, 442 U.S. 1, 7 (1979). State statutes that combine mandatory language, such as "shall" and

7  "must," with substantive predicates create a protected liberty interest. *Hewitt v. Helms*, 459 U.S. 460,

8  471-72 (1983).

9      The statute at issue here NRS 209.4465 provides for a mandatory award of good time credits,

10  so long as the inmate meets certain requirements. However, the interpretation of that law and its

11  application are the purview of the Nevada Supreme Court. *See, Estelle v. McGuire*, 502 U.S. 62, 67-68

12  (1991); *Oxborrow v. Eikenberry*, 877 F.2d 1395 (9th Cir. 1989) (deference to state court only suspended

13  if that court's interpretation is "untenable or amounts to a subterfuge to avoid federal review of a

14  constitutional violation") .

15      Here, the Nevada Supreme Court determined that petitioner's sentence has been properly

16  calculated based upon the statutes limited retroactive application and the specific crimes for which he

17  was convicted. The Court said:

18          These amendments to NRS 209.4465 had a very limited retroactive effect –
            only the provision relating to application of statutory good time credits to a
19          minimum term for purposes of parole eligibility had any retroactive effect,
            and this retroactive benefit applied only to certain offenders. 2007 Nev. Stat.,
20          ch. 525 § 21, at 3196; NRS 209.4465(8)(d). An offender convicted of a
            Category A felony was entitled to receive 20 days of statutory good time
21          credits beginning July 1, 2007, and those credits must be deducted from the
            maximum term to be served and would apply to eligibility for parole unless
22          the offender was sentenced pursuant to a statute specifying a minimum terms.
            NRS 209.4465(1), (7), (8); *see also* 2007 Nev. Stat., ch. 525 § 21 at 3196.
23
            The credit history report provided in the record on appeal indicates
24          that statutory credits were correctly applied. Appellant was convicted of a
            Category A felony, habitual criminal adjudication pursuant to NRS
25          207.010(1)(b), and thus, he was not entitled to any retroactive application of
            the 2007 amendatory provisions of NRS 209.4465. Appellant failed to
26

3

demonstrate a violation of any constitutional rights. Therefore, we affirm the order of the district court.

Exhibit E. Petitioner's argument to the contrary, the state court's interpretation of this state statute is not untenable and is, in fact, supported by the legislative history as cited. Petitioner has not demonstrated that the interpretation is an effort at subterfuge to avoid federal review. The petition must be dismissed, as it fails to present a federal constitutional issue which this court may review.

**III.   Certificate of Appealability**

In order to proceed with his appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski*, 435 F.3d 946, 950-951 (9th Cir. 2006); *see also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.*; 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*

Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). This Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The Court will therefore deny petitioner a certificate of appealability.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss (docket #9) is **GRANTED.** The petition is **DISMISSED WITH PREJUDICE.**

4

1    **IT IS THEREFORE ORDERED** that the Clerk shall **ENTER JUDGMENT**

2   **ACCORDINGLY.**

3        **IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED.**

4    Dated this _____ day of April, 2010.

5

6                                                   _____
                                                    UNITED STATES DISTRICT JUDGE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
                                        5